



THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, N.Y. 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

STEVEN M. SILVERBERG
*Assistant Corporation Counsel*
Email: ssilverb@law.nyc.gov
Tel.: (212) 788-1336
Fax: (212) 788-9776

November 7, 2011

BY FAX
Honorable Kevin N. Fox
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007
(212) 805-6712

**MEMO ENDORSED**

Re: Lawrence Watson v. Police Officer John Doe #1, et al.,
10 Civ. 8018 (GBD)(KNF)

Your Honor,

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the above-referenced case. I write to respectfully request that the Court may consider a *sua sponte* dismissal of this action for the failure to effect service upon a proper party in violation of Fed R. Civ. P. 4 and Your Honor's Order, dated October 12, 2011. (See Docket Entry No. 22.)

      On October 4, 2011, the docket sheet was updated to reflect a Certificate of Service of the summons and complaint on the John Doe defendants, however no document was attached reflecting proper service on a party defendant. As set forth in the Corporation Counsel's letter to the Court and plaintiff's counsel, dated October 7, 2011, service was not properly executed in this case. Specifically, on or about October 4, 2011, a process server attempted to serve copies of the summons and complaint on the John Doe defendants at the Office of the Corporation Counsel, however, this office cannot accept service for unidentified defendants. This was explained to the process server by the document reception clerk, but nevertheless, the process server left papers and exited the building. The City of New York is not a named defendant in this action.

      As such, as of this writing, no parties have been properly served pursuant to Fed. R. Civ. P. 4. Dismissal of this action is warranted because plaintiff was put on notice of the lack of service on February 7, 2011, and again on October 7, 2011, after plaintiff's counsel had been retained and the amended complaint was filed. A court may grant an extension of Rule 4(m)'s 120-day service period upon a showing of good cause, but is not required to do so. Zapata v.

City of New York, 502 F.3d 192, 197 (2d Cir. 2007). Attorney neglect or error does not constitute good cause for purposes of Rule 4(m). Fabal v. City of New York, No. 09 Civ. 5605 (DLC), 2011 WL 3652320, at *2 (S.D.N.Y. Aug. 19, 2011) (dismissing claims against individual defendant police officers due to plaintiff's failure to timely serve). The party seeking a good cause extension under Rule 4(m) bears a "heavy" burden of proof. Beauvoir v. United States Secret Serv., 234 F.R.D. 55, 56 (E.D.N.Y. 2006). To "grant an extension of the service period absent a showing of good cause, the plaintiff must 'ordinarily advance some colorable excuse for the neglect,' including a demonstration that an effort was made to effect service and that a request for an extension of time was made during the 120-day period." Fabal, 2011 WL 3652320 at *2 (quoting Zapata, 502 F.3d at 197-98). "Courts generally will find good cause only where the failure to effect timely service was the result of circumstances beyond plaintiff's control, and was not the result of mere 'inadvertence, neglect, mistake or misplaced reliance.'" Micciche v. Kemper Nat'l Servs., 560 F. Supp. 2d 204, 209 (E.D.N.Y. 2008).

The law is clear that attorney neglect and attorney mistake do not constitute good cause under Rule 4(m). See, e.g., Fabal, 2011 WL 3652320 at *2; Harper v. City of New York, No. 09 Civ. 5571 (JG)(SMG), 2010 WL 4788016, at *6 (E.D.N.Y. Nov. 17, 2010) (when "[o]nly counsel's oversight or disregard of Rule 4's requirements can explain [a plaintiff's] failure to serve [a defendant]. . . . [n]either constitutes good cause within the meaning of Rule 4(m)"). To the extent plaintiff is trying to sue individual members of the New York City Police Department, plaintiff's counsel information as to the true identity of these individuals is equally available to plaintiff's counsel by way of their client.

In this case, plaintiff was twice granted an extension of time to effect proper service. (See Docket Entries Nos. 18, 23.) When plaintiff attempted to serve the John Doe defendants, the process server was specifically informed that the Office of the Corporation Counsel would not accept service on behalf of unidentified parties. More than one month after being put on notice of this deficiency, upon information and belief, plaintiff has taken no efforts to contact this office with respect to service. On the contrary, plaintiff's counsel has represented to the Court that service was properly effectuated. (See id. at 23.) Actual notice, on its own, is never sufficient to overcome Rule 4's service requirements. See Fairman v. Hurley, 373 F. Supp. 2d 227, 233 (W.D.N.Y. 2005) (citing Buggs v. Ehrnschwender, 968 F.2d 1544, 1548 (2d Cir. 1992)). Indeed, actual notice is not the only reason service must be effected according to Rule 4. Rather, "the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." Henderson v. United States, 517 U.S. 654, 672 (1996).

Accordingly, plaintiff's attempt to serve this office with a lawsuit purporting to sue fictionalized persons and plaintiff counsel's failure to take remedial action that would allow this litigation to move forward warrants the Court's consideration of recommending a dismissal of this action in an effort to conserve the resources of this office and of the Court. In light of the above, this office respectfully requests that (1) the Court sua sponte recommend dismissal of this action pursuant to Fed. R. Civ. P. 4(m); and (2) to the extent an additional request for an extension of time to effect service is made, defendants further request that the application be denied for lack of good cause. In the interim, unless otherwise instructed by the Court, this

office will not take any action in this matter unless and until there is a proper party defendant, whom the Corporation Counsel may represent, served in this action.

Thank you for your consideration of the matter herein.

11/15/11
Application denied. The instant application is improper, inasmuch as Mr. Silverberg does not represent any party to this action. Accordingly, he lacks standing to make any application to the Court regarding this action.
SO ORDERED:
Kevin Nathaniel Fox, U.S.M.J.

Respectfully Submitted,

Steven M. Silverberg
Assistant Corporation Counsel
Special Federal Litigation Division

CC: BY FAX
Seth M. Jessee, Esq.
*Wilmer Cutler Pickering Hale and Dorr LLP*
Attorneys for Plaintiff
399 Park Avenue
New York, NY 10022
(212) 230-8888