UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LAWRENCE WATSON,

                                  Plaintiff,

             -against-

POLICE OFFIER JOSEPH MCCOVERN; POLICE OFFICER ROMAN ILUSTRE; and POLICE OFFICER JOHN DOE #3;

                                  Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE SECOND AMENDED COMPLAINT**

10 Civ. 8018 (GBD)(KNF)

JURY TRIAL DEMANDED

Defendants, Police Officer Joseph McGovern and Police Officer Roman Ilustre, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Second Amended Complaint ("complaint"), respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the complaint.

        2.      Deny the allegations set forth in paragraph "2" of the complaint.

        3.      Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff fell out of his wheelchair.

        4.      Deny the allegations set forth in paragraph "4" of the complaint.

        5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint concerning plaintiff's disability, except admit that, upon information and belief, plaintiff is currently incarcerated at Five Points Correctional Facility.

        6.      The allegations set forth in paragraph "6" of the complaint constitute conclusions of law, to which no response is required; however, to the extent a response is

required, defendants admit that Officer McGovern was employed by the NYPD on October 21, 2009.

7. The allegations set forth in paragraph "7" of the complaint constitute conclusions of law, to which no response is required; however, to the extent a response is required, defendants admit that Officer Ilustre was employed by the NYPD on October 21, 2009.

8. Deny the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff purports to set forth jurisdiction as stated therein.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff purports to set forth jurisdiction as stated therein.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that plaintiff purports to lay venue as stated therein.

13. The allegations set forth in paragraph "13" of the complaint constitute a demand for a trial by jury, to which no response is required.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was arrested on October 21, 2009 and thereafter processed as an arrestee at the Midtown North Precinct of the NYPD.

16. The allegations set forth in paragraph "16" of the complaint are conclusions of law, to which no response is required; however, to the extent a response is required, defendants admit the allegations concerning the presence of steps at the main entrance of the Midtown North Precinct.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint, except admit that plaintiff was transported from the Midtown North Precinct to a vehicle to be transported to Manhattan Central Booking.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint, except admit that plaintiff fell off of his wheelchair.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint are conclusions of law, to which no response is required.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. In response to the allegations set forth in paragraph "48" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

54. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

55. Defendants McGovern and Ilustre have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

56. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of intervening third parties and was not the proximate result of any act of Defendants McGovern and Ilustre.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

57.     Defendants McGovern and Ilustre have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

58.     Plaintiff may have failed to comply with conditions precedent to suit.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

59.     Defendants McGovern and Ilustre cannot be held liable under the ADA.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

60.     Plaintiff was convicted after trial of criminal possession of a weapon in the second degree and resisting arrest.

**WHEREFORE,** Defendants McGovern and Ilustre request judgment dismissing the Second Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
            February 3, 2012

>                           MICHAEL A. CARDOZO
>                           Corporation Counsel
>                           of the City of New York
>                           *Attorney for Defendants*
>                           100 Church Street
>                           New York, New York 10007
>                           (212) 788-1336
>
> By:          /s/
>                           Steven M. Silverberg
>                           Assistant Corporation Counsel
>                           Special Federal Litigation Division

To: <u>BY ECF</u>
Seth M. Jessee, Esq.
*Wilmer Cutler Pickering Hale and Dorr LLP*
Attorneys for Plaintiff
399 Park Avenue
New York, NY 10022

110 Civ. 8018 (GBD)(KNF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAWRENCE WATSON,

                                                  Plaintiff,

-against-

POLICE OFFIER JOSEPH MCCOVERN; POLICE OFFICER ROMAN ILUSTRE; and POLICE OFFICER JOHN DOE #3;

                                                 Defendants.

**ANSWER TO THE SECOND AMENDED COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Steven M. Silverberg*
*Tel:  (212) 788-1336*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ............................................, 2012*

*.......................................................................Esq.*

*Attorney for ............................................................*