UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

LAWRENCE WATSON,

                                      Plaintiff,

-against-

POLICE OFFICER JOSEPH MCGOVERN; POLICE
OFFICER ROMAN ILUSTRE; and POLICE
OFFICER JOHN DOE #3,

                                      Defendants.
------------------------------------------------------------x

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

10 Civ. 8018 (GBD) (KNF)

        **WHEREAS**, plaintiff commenced this action by filing a complaint on or about October 19, 2010, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

        **WHEREAS**, defendants Officer Joseph McGovern and Officer Roman Ilustre have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS**, the City of New York ("City") served plaintiff with an Offer of Judgment pursuant to Fed. R. Civ. P. 68 on May 8, 2012; and

        **WHEREAS**, plaintiff accepted the City's Rule 68 Offer of Judgment on May 16, 2012; and

        **WHEREAS**, plaintiff has authorized his counsel to settle this matter on the terms set forth below;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff Lawrence Watson the sum of Thirty Thousand and One ($30,001.00) Dollars plus reasonable attorneys' fees, expenses, and costs up to May 8, 2012, the date of the Offer of Judgment, in full satisfaction of all claims by plaintiff against defendants. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release the defendants, the City of New York, and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff has assigned his rights to attorneys' fees, expenses, and costs to his attorneys, Wilmer Cutler Pickering Hale and Dorr LLP.

4. Plaintiff shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 and 3 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

5. The City of New York hereby agrees to pay counsel for plaintiff, Wilmer Cutler Pickering Hale and Dorr LLP, reasonable attorneys' fees, expenses, and costs, to be determined at a later date, up to the date of the Offer of Judgment referenced in paragraph "2" above. Counsel for plaintiff hereby agrees and represents that no other claim for attorneys' fees, costs, or expenses arising out of this action shall be made by or on behalf of plaintiff in any application for attorneys' fees, costs, or expenses at any time.

6. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation, Rule 68 Offer, Acceptance thereof shall not be admissible in, nor are they related to, any other litigation or settlement negotiations.

7. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

8. Plaintiff agrees to hold harmless defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants and the City of New York reserve the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

9. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written

3

agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       June 26, 2012

Wilmer Cutler Pickering Hale and Dorr LLP
*Attorneys for Plaintiff*
399 Park Avenue
New York, NY 10022
(212) 295-6537

By: _____
    Seth M. Jessee
    *Attorney for Plaintiff*

Dated: New York, New York
       JUN 29 2012

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants McGovern and Ilustre*
100 Church Street, Rm.
New York, New York 10007

By: _____
    Steven M. Silverberg
    *Assistant Corporation Counsel*

SO ORDERED:

_____
HON. GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

4